THE FRANKLIN FIRE INSURANCE COMPANY *vs.* ALEXANDER HAMILL.—*December*, 1847.

In an action of covenant, the defendant pleaded *non infregit*, &c. with liberty to give in evidence any matter he might have pleaded; *provided,* he gave notice to the plaintiff of the matter of such evidence within, &c.—not having given the notice, the cause stood under the plea filed.

In such action under that plea, a parol agreement by which the time of performance of the covenant was enlarged, is not admissible in evidence.

A contract of insurance against loss is one of indemnity. The right to recover is commensurate with the loss actually sustained. Any evidence conducing

to show the loss less than that claimed, would be admissible. The doctrine relative to mitigation of damages has no application to such a case.

In an action of covenant, where the plaintiff was not entitled to recover, unless he proved that the property insured was destroyed by fire; that notice of the loss, and an estimate of damage sustained, were furnished the underwriter, according to the terms of the policy, it is error in the County Court to instruct the jury, that the plaintiff is entitled to recover, in such a form as to take from them the consideration of the fact—when the fire occurred, and assume the day, or that notice of the disaster was forthwith communicated, and a particular account of loss furnished to the company.

APPEAL from *Baltimore* County Court.

This was an action of covenant, commenced on the 30th August, 1842, by the appellee against the appellant, to recover a loss by fire, under a policy of insurance of the appellants.

The defendants below pleaded that they had not broken their covenant; and the parties agreed that " all errors in pleading are released, and any matter may be given in evidence under the above plea, which might be given in evidence under any other plea, or pleaded; *provided,* notice in writing, of the substance of such defence, be given four weeks before the trial."

At the trial, the plaintiff offered in evidence the policy of insurance in this case, which it was admitted was executed by the defendants; the destruction by fire of the building, in which the property insured by the policy in this case, viz: a steam engine, and the machinery of a plaster mill, was situated; that it was damaged by fire, which occurred on the 20th June, 1842; an estimate of the loss by fire, made out by one *Cassidy,* was left with the defendants on the 15th July, 1842, and amounted to $4,140 47. The policy required that all persons insured, sustaining any loss or damage by fire, are forthwith to give notice to the secretary, and as soon as possible after, to deliver in as particular an account of their loss or damage as the nature of the case will admit of; and to produce to the Company satisfactory proof thereof. And proved, by said *Cassidy,* that said estimate contained, in his judgment and opinion, the fair and just value of the loss sustained by the plaintiff from said fire. And further proved, by said *Cassidy* and other witnesses, that in the judgment of *Cassidy* and of said

witnesses, the engine and machinery of the plaintiff, damaged by said fire, was, before such fire, worth from $3,500 to $4,000.

The defendants offered to give evidence by *Francis H. Smith,* the agent of the defendants, by parol, that within two days after the fire occurred in this case, the plaintiff called at the office of the defendants, and notified said witness of the fire; that said witness informed the plaintiff that he must make out his estimate of loss; that within two or three days after said fire occurred, the said *Smith,* as agent of the defendants, examined the damage done to the property of the said plaintiff, insured by the policy in this case, and finding the damage trifling, in comparison with the sum insured by said policy, elected, in behalf of defendants, to repair said insured property, under the provisions in the policy, and notified said plaintiff of such election, and informed the plaintiff, within three days from the occurrence of said fire, that the defendants were then ready to repair said insured property within the time provided in the policy; but that if said property should be repaired before the building in which the same was to be repaired and put up, was roofed in and repaired, that said insured property, so repaired, would be liable to injury from exposure to weather, &c.; and that at said interview between said plaintiff and the agent of the defendants, as also at several other interviews, it was distinctly agreed and understood between them, that for the benefit of said plaintiff, and to preserve his property from such damage by weather, &c., that the time within which said insured property was to be repaired and restored, according to the provisions contained in the policy in this case, should be enlarged and extended, and the repairs and restoration of said insured property dispensed with, and postponed until the building, in which the same was located, should be repaired and made fit to receive said insured property; that in pursuance of said last mentioned agreement, said witness went on to repair said building with all possible despatch; that within three days after said fire, said witness employed *Wells, Miller & Clarke,* machinists, to repair said insured property, who took said property in charge; and that as soon as said building was roofed in and repaired, said

insured  property was repaired, and  put  in  as  good order and
condition  as  it  was  before  the  said  fire :  and  tendered  the
plaintiff  by the following  letter :

> *Agency Franklin  Fire  Insurance  Co.*  ⎱
> *Baltimore,* *7th  October,* 1842.    ⎰

ALEXANDER  HAMILL, ESQ.

*Dear  Sir,*—I have  to inform  you that  the engine and  plaster
mill 'insured  for you in this  office, which  was  lately damaged
by fire, is  now in complete  repair and  ready for you.    Should
any part of the work not meet your approbation, you will please
point  it out, and  if  the  complaint  be  well founded, it shall  be
attended  to.                              F. H. SMITH, *Agent.*

(Endorsed,)    " *Alexander  Hamill, Esq.,* present."

But  that he refused  to receive the same, by his reply to said
letter.

*Sir,*—I have  your extraordinary note of  7th October, given
me, after  your  Company had  violated  every  engagement, and
after a controversy pending, for the recovery of  the amount of
your  insurance and  suit instituted for  redress, I  hardly expected
that  you would have  added insult to injury; but after the course
you have  pursued, what  should I  not expect from you ?

> Your ob't servant,

*Oct. 8th,* 1842.                          ALEXANDER  HAMILL.

(Endorsed,)    " *Francis  H. Smith, Esq., Agent  of  Franklin
Fire Insurance Company,* present."

That two  or three  days after the time  limited for the repair
of  the  insured  property specified  in  the  policy had  elapsed—
that  is to say :  on the 20th August, 1842, *Mr. Glenn,* as  coun-
sel  for the plaintiff, called at  the  office of  the  defendants and
demanded  the  payment of  the  amount insured  by the policy,
when he, the  witness, informed  said  counsel of  the  agreement
between said  plaintiff and defendant, enlarging  the time  for the
performance of  the  said repairs, &c.    The witness also stated,
that  the defendants had  a  policy on the  said  house at  the time
of  the fire, and  elected  to  repair the  same.    The defendants

further offered in evidence by *Wm. C. Neale*, that he was at the time of said fire, clerk for the defendants; and that he, the witness, was present at frequent conversations at different times, between the plaintiff and *Mr. Smith*, the agent of the defendants, one of which occurred the day after the fire—in which it was agreed and understood between said plaintiff and said agent, that the time limited in the policy in this case, for the repairs and restoration of the property insured by the policy of insurance in this case, should be enlarged and extended; and that said repairs and restoration of said insured property should be postponed, until after the roofing in and repairing the building in which said insured property was located; that the defendants were ready at any time after said fire occurred to repair said insured property, and offered the plaintiff to repair said property in the presence of the witness, which offer said plaintiff declined, and preferred that said property should not be repaired and restored until after the building, in which the same was located, should be roofed in and repaired; and that in consequence of said arrangement, said insured property was not repaired within the time limited in the policy.

The defendants further offered in evidence by *Wells* and *Thomas J. Matthews*, practical machinists, that they were employed by the defendants to repair the steam engine and machinery, which was the subject matter of insurance in this case; that said insured property was put into the hands of said witnesses for repairs, within two or three days after the fire occurred, and they commenced said repairs forthwith, and prosecuted the same, from time to time, as their convenience permitted; that they did not hurry the execution of the said repairs, because they were informed by the agent of the defendants, that there was no need of hurry, and that said repairs were fully finished and completed, and put in as good order and condition as the said insured property was before said fire occurred, (if not in better condition,) by the 3d October, 1842; and that the whole cost of said repairs was $350, which was paid by defendants; that said plaintiff was notified, by letter from the said agent of said defendants, dated 7th October,

1842, that said insured property was ready for said plaintiff. The said witness of defendants also stated upon cross-examination, that he had no recollection that after the said estimate of loss was left with the defendants on the 18th July, 1842, as aforesaid, any other conversation was had between plaintiff and said *Smith*, in relation to any agreement to waive the time for repairing said insured property, as such time is limited by the policy, and by said witness, as well as by said *Smith*; that after *Mr. Glenn*, as the attorney of the plaintiff, demanded payment of said loss, on the 20th August, no understanding or agreement was had between plaintiff and defendants, in regard to any such waiver, but neither of said witnesses ever heard from plaintiff within thirty days after notice of loss as aforesaid, that he would not waive said time for such repairs. And the plaintiff gave in evidence that he consulted said *Glenn*, as counsel, in relation to said claim, and that under the advice of said *Glenn*, said estimate of loss was made out and left with the defendants' said agent, so as to authorize plaintiff to recover the amount of said loss, after the end of thirty days from the leaving of said estimate with the defendants.

The defendants also gave in evidence, that notwithstanding the leaving of such estimate of loss, and the demand of payment by said *Glenn*, as attorney of plaintiff, on the 18th July and 20th August, 1842, respectively, the defendants, nor said *Smith*, did not proceed to repair said loss within thirty days from either period, although the same could have been repaired at any time within ten days; nor did he, they or said agent, then direct said *Wells, Miller & Clarke*, to make such repairs with practical expedition.

The plaintiff further gave in evidence, that said insured property was not fully repaired, but stood in need of some $30 or $40 of additional work, in order to place the same in working condition, and that the same was, after being repaired as aforesaid, sold at public auction under a distress for two quarters rent due by the plaintiff, one-half of which accrued after said fire, and brought the sum of $240.

The plaintiff prayed the court to instruct the jury as follows:

1st. " That the plaintiff is entitled to recover the amount of damage he actually sustained by the fire, which occurred on the 20th July, 1842, if the jury believe that his loss was not repaired by the defendants within the time stated in the policy, and has not since been paid, and that no parol evidence is admissible to shew that said *Hamill* consented, in opposition to the terms of said policy, to allow such repairs to be made at any time after the period specified in such policy.

2d. " That even if such parol evidence were admissible, that the delivery to said defendants of an estimate of loss, the demand of payment and institution of suit was a rescission of such arrangement, and unless defendants repaired or paid as aforesaid, within thirty days after such rescission, plaintiff is entitled to recover for the actual loss sustained by him by said fire."

The defendants prayed the court to instruct the jury as follows :

1st. " That the testimony of *F. H. Smith* and *W. C. Neale*, in relation to the agreement between the plaintiff and the agent of the defendants, for the extension and enlargement of the time specified in the policy of insurance in this case, for the completion of the repairs, &c. of the subject matter of insurance, in case of loss or damage, is admissible, for the purpose of proving that said time was, by such agreement, enlarged and extended.

2d. " That if the jury believe the testimony of *Smith* and *Neale*, mentioned in the first prayer, that the plaintiff is not entitled to recover in this case.

3d. " If the jury believe from the evidence, that after the loss by fire in this case, and before the expiration of the period specified in the policy, for the repairs or restoration of the subject matter of insurance, it was agreed between the plaintiff and the agent of the defendants, with a view to the interest and advantage of the plaintiff, that the time for said repairs and restoration of the subject matter of insurance should be enlarged and extended, until the building in which said subject matter of insurance was located, could be repaired and made fit for the reception of said subject matter of insurance ; and that the

defendants, relying upon such agreement, without any notice to the contrary from plaintiff, failed to have the said repairs, &c. made within the period specified in said policy; that the plaintiff is not entitled to recover in this case.

4th. " That the testimony of *Smith* and *Neale,* in reference to the agreement mentioned in the first prayer, is admissible in mitigation of damages."

The court (LE GRAND, A. J.,) granted the plaintiff's *first* prayer, but refused the *second,* and refused *all* the defendants' prayers; to which granting of the plaintiff's *first* prayer, and refusing to grant the defendants' prayers, the defendants excepted.

The defendants below prosecuted this appeal.

The cause was argued before DORSEY, CHAMBERS, MAGRUDER and MARTIN, J.

BY TEACKLE and McMAHON for the appellants, and

BY MEREDITH and REVERDY JOHNSON for the appellees.

MARTIN, J., delivered the opinion of this court.

In this case, an action of covenant was instituted by the appellee against the appellants, on a policy of insurance against loss by fire, executed by the *Insurance Company,* on the 14th May, 1842.

The defendant pleaded *non infregit conventionem,* to which was annexed the following agreement, signed by the counsel in the cause:

" All errors in pleading are released, and any matter may be given in evidence under the above plea, which might be given in evidence under any other plea or pleas—*provided,* notice in writing of the substance of such defence be given four weeks before the trial."

It does not appear from the record that notice in writing was given by the defendants, of the defence on which they intended to rely as required by the agreement, and the case stands on the plea of *non infregit conventionem.*

In this condition of the pleadings, it is clear that the parol agreement for the extension of the time, within which the property might be repaired by the *Insurance Company*, according to the stipulations of the policy, was inadmissible, as there was no plea to which it could be applied.

The court, therefore, committed no error in rejecting the defendants' *first*, *second* and *third* prayers.

The court below were also correct in rejecting the defendants' fourth prayer.

In a contract of indemnity, like the one under consideration, the right to recover must be commensurate with the loss actually sustained by the plaintiff, and any evidence conducing to show that the damage consequent upon the fire was less than that claimed by the plaintiff, would be admissible; but the doctrine relative to the mitigation of damages, has no application to a case of this description.

The plaintiff, in his first prayer, asked the court to instruct the jury:

"That he is entitled to recover the amount of damage he actually sustained by the fire, which occurred on the 20th July, 1842, if the jury believe that his loss was not repaired by the defendants within the time stated in the policy, and has not since been paid; and that no parol evidence is admissible to show that said *Hamill* consented, in opposition to the terms of the said policy, to allow such repairs to be made at any time after the period specified in said policy."

By the *eighth* article of the policy, it is stipulated:

"That all persons assured by the Company, sustaining any loss or damage by fire, are forthwith to give notice to the secretary, and as soon as possible after, deliver in as particular an account of their loss or damage, as the nature of the case will admit of, and to produce to the Company satisfactory proof thereof."

It is evident that the plaintiff in this case was not entitled to recover, unless he proved that the property insured was destroyed by fire; and, that notice of the loss was given, and an estimate of the damage sustained, furnished to the Company,

as required by the eighth article of the policy of insurance. And, although the court were correct in deciding that the parol agreement was inadmissible under the pleadings in the cause; yet, they erred, we think, in granting the prayer, because, by so doing, they assumed as facts, questions which should have been submitted to the consideration of the jury. The cases of *Crawford vs. Berry*, 6 *G. & J.* 71, and the *Charleston Insurance Company vs. Corner*, are conclusive on this point.

In the last case, the court says:

" The first and second instructions are, in effect, an assertion by the court, that the *Eliza Davidson* was captured and detained by the *Pearl*, and in the third instruction, that the *Corrientes* was blockaded on and after the ship's release at *Montevideo*. Doubtless, the jury would have found these facts according to the testimony, but the sufficiency of evidence to satisfy the jury, or the circumstance, that it is all on one side, does not authorize the court to instruct the jury, that it proves the fact. They have the power to refuse their credit, and no action of the court should control the exercise of their admitted right to weigh the credibility of evidence. In thus incautiously expressing their opinion, the court erred."

It is apparent from an examination of this prayer, that the court, by instructing the jury that the plaintiff was entitled to recover, assumed the fact, that a fire occurred on the day mentioned in the prayer, and also, that notice of the disaster was forthwith communicated to the secretary of the Company, and a particular account of the loss or damage sustained by the plaintiff, delivered as soon as possible after the fire, in conformity with the stipulations of the contract. These were questions for the consideration of the jury, and the court erred in granting the prayer.

The judgment of the County Court, is, therefore, reversed. But, we desire to be understood, as expressing no opinion on the question, whether the parol agreement offered in evidence by the defendants, would have been admissible in a different condition of the pleadings.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.