## John Wright and Joshua Cockey, use of Wm. H. Green, *vs.* Thomas J. Brown.

A covenant in an indenture of apprenticeship to teach the apprentice "the art or trade of a silversmith in all the branches thereof," does not bind the master, in every event, to compel the apprentice to learn his trade, but only to act towards him in the matter of coercion as an ordinarily prudent and sensible parent would act towards his own child.

The master is not bound to impart to the apprentice the proper degree of skill at all events, whether he has the capacity or not, but the burden of proving want of capacity is upon the master.

Where the objection is made to the whole testimony, if any part of it is admissible there is no error in overruling the objection.

In an action of covenant for the breach of an indenture of apprenticeship which was to continue for two years and by which the master agreed to teach the apprentice "the art and trade of a silversmith in all the branches thereof," there was a plea of performance and an agreement to waive all errors in pleading. HELD:

That it was competent for the defendant to prove that it was impossible to teach *all* the branches of this trade in that time, and it would have been injurious to the apprentice to attempt to do so; that he was placed at one branch until he became master of it, had attained more than ordinary proficiency in the branches taught him, and for the time had been well and properly taught and advanced in the trade.

APPEAL from Baltimore County Court.

This was an action of *covenant* against the appellee for

breach of an indenture of apprenticeship, executed under the act of 1794, ch. 47, between Wright and Cockey, two justices of the peace, and Brown, by which the apprentice, Green, was bound to Brown for two years, the latter thereby covenanting to cause the said apprentice "to be taught to read, write, and cast accounts, and particularly to teach him the art or trade of a silversmith in all the branches thereof." Issue was joined upon the plea of *performance,* and all errors in pleading were waived by agreement.

*Exception.* The only exception in the cause was taken by the plaintiff to the refusal of the court, (LE GRAND, A. J.,) to reject the evidence offered by the defendant, which is fully set out in the opinion of this court. The verdict and judgment were in favor of the defendant and the plaintiff appealed.

The cause was argued before ECCLESTON, MASON and TUCK, J.

*James Malcolm* for the appellant, insisted that the testimony was improperly admitted, because—

1st. The defendant is estopped from alleging it was *impossible* to perform his covenant. The contract was not in its *nature* impossible, nor has it become so *by act of God,* he cannot, therefore, set up impossibility as a defence. 2 *Comyn's Digest, Title, Condition D.* 1 *Swanston,* 329, *Prebble vs. Boghurst.* 2 *Story's Eq.,* sec. 1305. 19 *Wend.,* 500, *Beebe vs. Johnson. Platt on Covenants,* 255. 3 *Bos. & Pul.,* 420. 1 *Archbold's Nisi Prius,* 234. 1 *Saunders on Pl. and Ev.,* 129. 1 *Parsons on Contracts,* 383. *Story on Contracts,* secs. 462 to 464.

2nd. The evidence was also inadmissible in mitigation of damages. 6 *Gill,* 95, *Franklin Fire Ins. Co., vs. Hamill.* 3 *G. & J.,* 435, *Sothoron vs. Weems.* An excuse for non-performance must be *specially* pleaded. 3 *Philips on Ev.,* 194, and the cases there cited. 1 *Archbold's Nisi Prius,* 370.

*Geo. M. Gill* for the appellee. The declaration sets out

the indenture and avers the obligation of the master to teach the apprentice the trade of a silversmith in all the branches thereof *in the best way he could.* The plea is that *he did this*, and in full keeping with this plea, the defendant proved that he had done his duty by the boy faithfully and honestly, and if he had pursued any other course it would have been injurious to him. The acts of 1793, ch. 45, sec. 2, 1794, ch. 47, and 1826, ch. 154, in relation to apprentices, never designed to compel the master to teach his apprentice, whether he was capable of learning or not. The true construction of such a covenant is, that the master shall afford to the apprentice every reasonable opportunity and occasion to learn the trade which he agrees to teach. He is not bound from the very nature of the case positively to teach, but to teach if it be possible to teach. The law does not require that to be done which it is impossible to do. 1 *Dev. and Battles*, 404, *Clancy vs. Overman.* 2 *Dana*, 129, *Barger vs. Caldwell.*

The objection below is, that the evidence was not admissible for any purpose whatever, and the only question then here is simply, whether this evidence is or is not admissible? 6 *G. & J.*, 488, *Goodhand vs. Benton.* If, therefore, the testimony was admissible for any purpose, the court were right in not sustaining the plaintiff's objection to it, and it was clearly admissible for the purpose of showing that the plaintiff was not damaged, or had sustained such slight damage as to show a case of *damnum absque injuria.*

Eccleston, J., delivered the opinion of this court.

This is an action of covenant, instituted against the appellee to recover damages for the violation of his engagement to teach Wm. W. Green "the art or trade of a silversmith in all the branches thereof."

The plea is performance and issue is taken thereon, with an agreement to waive all errors in pleading.

Proof was offered to show that Green had not been taught during his apprenticeship all the branches of the art or trade of a silversmith. The defendant then offered to prove that

there were many branches in this trade; that it would have been impossible during the continuance of this apprenticeship to teach all the branches of the trade to any apprentice; that to undertake to teach all the branches would be injurious to the apprentice and would prevent him from becoming master of any one of them; that it was usual in the city of Baltimore during the time of apprenticeship, to put the apprentice at one branch and keep him at it until he became acquainted with it. And also offered to prove that Green had been kept at one branch of the trade no longer than was necessary, and then had been placed at another and taught it, and that he had attained considerable proficiency in the art or trade in the branches taugh him, much greater than that attained by most apprentices who served the same length of time which he did; and that considering the time of the apprenticeship, the boy had been well and properly taught and advanced in the trade.

The plaintiff objected to the admission of the evidence which tended to show, that no apprentice could be taught during the time of apprenticeship in this case all the branches of the trade of a silversmith, and that it was to his interest to be confined to one branch until he became well acquainted therewith; and that it was usual in the city of Baltimore to have the apprentice first taught one branch perfectly before he was instructed in another; and that Green had been well and perfectly advanced considering the time of his apprenticeship. This objection was overruled and the court permitted the testimony to be given. From which decision the present appeal is taken.

In *Clancy vs. Overman*, 1 *Dev. and Batt., S. C. R.*, 402, the nature and extent of the obligation of a master in regard to teaching his apprentice a trade was under consideration. Overman had bound his slave to Clancy, who covenanted to teach and instruct, or cause to be taught and instructed, the negro boy "the art and mystery of the coach-making business."

Wright and Cockey, use of Green, *vs.* Brown.

The pleas were, "covenants performed and not broken; previous covenants not performed."

Evidence was offered to show that the boy had not learned his trade. And the defendant gave evidence to prove that he made all proper exertions to teach the apprentice, but that he had not capacity enough to learn the coach-making business. He also proved that in his absence the boy frequently would go to a neighboring store and procure spirits, by which he would occasionally become moderately intoxicated.

In the court below the judge instructed the jury, that the covenants on both sides were mutual and independent, and that if the covenants on the part of the plaintiff had been broken it was no defence to the defendant. He likewise charged the jury, that the covenant of the defendant was absolute and he could not be excused from its performance, although the boy had not capacity to learn the trade; but he said "the jury might take that into consideration in estimating the damages if they should find for the plaintiff."

In the argument before the appellate court, the counsel of the plaintiff insisted that the covenant was absolute, and had not been performed unless the apprentice had become a good workman; that the contract contained no exceptions, nor did it merely oblige the master to *endeavor to teach* or to instruct the boy in the coach-making business, but positively required that he should be taught the trade.

The Supreme Court agree with the judge below that the covenants of the respective parties were mutual and independent, and also that the engagement of the defendant was absolutely binding to the extent of that engagement. But they do not concur in the construction given below to the covenant. They say: "It seems to us that an engagement to teach the apprentice, or to cause the apprentice to be taught, a trade, is not an engagement that the apprentice will learn that trade," and very good reasons are given why it should not be so. Again the court say: "It would be doing violence, we think, to the words found in this covenant to regard them as stipulating for more than faithful, diligent and skillful instruction."

6    v.5

The opinion in this case was delivered by the learned Judge Gaston.

*Barger vs. Caldwell,* 2 *Dana,* 129, was an action upon an indenture of apprenticeship, in which the master covenanted to teach and instruct the apprentice the art and mystery of the tanning business.

The issue in that case seems to have been joined on the plea of performance; as it is said on page 130, "In the progress of the trial, upon an issue of covenants performed, the court permitted the plaintiff to ask a witness," &c.

The court below instructed the jury, that the defendant, though not obliged to make the apprentice a first rate workman, was, nevertheless, bound to make him as skillful a workman as tanners generally are who have regularly learned the trade. In the Court of Appeals this instruction was objected to on the part of the defendant, because it was not qualified by a proviso that the apprentice had sufficient capacity to learn. The court did not consider the qualification insisted upon as necessary, there being no proof of any want of ordinary capacity in the apprentice. And they held, that in the absence of such proof the presumption was that he had sufficient capacity to learn the trade. But they say, "there can be no doubt that the master was not bound to impart to the apprentice the proper degree of skill at all events, whether he had the necessary capacity or not." The excuse, if it existed, is admitted to be a good one, but the burden of proving it is cast upon the defendant, and the plaintiff is not required to show the absence of any such excuse. Thus unequivocally allowing want of sufficient intelligence to be given in evidence by a defendant, where he has covenanted to teach and instruct an apprentice the art and mystery of the tanning business.

On page 133 it is said: "We do not wish to be understood, that the covenant binds the master in every event or situation to compel an apprentice of sufficient capacity to learn his trade. We mean only, that when sued for a failure of his duty in this particular, he should satisfy the jury that he used the necessary and proper exertions to make him learn; that is, that he has acted towards him in the matter of coercion as an

ordinarily prudent and sensible parent would act towards his own child.''

We have been thus particular in the examination of those two cases, because we think they set forth correct and salutary legal principles in giving construction to indentures of apprenticeship—principles which are sufficient to guard the rights of the apprentice and enforce the obligations of the master, whilst they stop short of imposing upon him impracticable duties, such as were never contemplated by any master when signing such an obligation. See also *Hughes vs. Humphreys*, 6 *Barn. & Cres.*, 680, in 13 *Eng. C. L. Rep.*, 289.

In view of these principles, we think a portion, at least, if not all, of the testimony objected to in this case was properly admitted. And if any part of it was admissible, there was no error on the part of the court in overruling the objection.

It has been said, the defence here relied upon should have been made by a special plea and cannot avail under the plea of performance. To sustain this view, reference has been made to 6 *Gill*, 95, *Franklin Fire Ins. Co., vs. Hamill*. There the plea in an action of covenant was *non infregit conventionem;* and to it was annexed an agreement, that "all errors in pleading are released, and any matter may be given in evidence under the above plea which might be given in evidence under any other plea or pleas; provided, notice in writing of the substance of such defence be given four weeks before the trial.''

No notice in writing having been given according to the terms of the agreement, the Court of Appeals said, "the case stands on the plea of *non infregit conventionem.*''

It was in this view of the pleadings that the court held the parol agreement offered in evidence was inadmissible, as there was no plea to which it could be applied. They, however, declined saying whether the parol agreement would have been admissible in a different state of the pleadings.

That case is very unlike the present, as here the agreement waives all errors in pleading and does not require any notice to be given of what is intended to be relied on in proof.

Whilst in this state of the pleadings we hold that there was

no error in admitting the evidence, we are not to be understood as deciding that it would not have been admissible under the plea of performance without the agreement to waive errors. Under such a plea, in *Clancy vs. Overman*, testimony somewhat similar in its bearing was received. In *Barger vs. Caldwell*, on a like issue, it is very plainly intimated by the court, that similar testimony might have been used in defence, if any such existed. And in the case before us the breach in the *nar*, charging non-performance of the covenant to teach or instruct the apprentice, being the only breach on which it appears the *plaintiffs* gave any testimony, and to which the proof offered by the *defendant* was evidently designed to apply, alleges, that the defendant "did not teach or instruct, or cause to be taught and instructed, the said William in the said trade of a silversmith after the best way and manner that he could, according to the force and effect of the said indenture."

It will be seen that the apprentice was bound to serve only from the first of June 1847 until the twenty-first day of May 1849.

Believing the court were right in refusing to reject the evidence, the judgment will be affirmed.

*Judgment affirmed.*