(Decided 5th March, 1875.)

---

# Edwin F. Reese *vs.* Jacob Reese, and John E. Smith, Trustee.

*Evidence: Declarations of a deceased person—Grantor estopped from impeaching grantee's title—An answer not evidence against a Co-defendant—Specific Performance.*

E. F. R. sued for the specific performance of an oral contract for the sale of land to him by J. R. After the date of the alleged contract J. R. conveyed all his property by deed to J. E. S., in trust. J. R. being dead, evidence was offered by both parties of declarations made by him; HELD:

1st. That the declarations of J. R. made after the deed of trust, impeaching the title of the grantee therein, and favorable to the claim of E. F. R , were inadmissible.

2nd. That the declarations of J. R. after the alleged contract and before the deed of trust, adverse to the claims of E. F. R. and made out of his presence, were inadmissible.

Reese *vs*. Reese and Smith, Trustee.

A grantor is estopped from impeaching the title of his grantee.

The answer of one defendant cannot be used as evidence against his co-defendant.

In order that an oral contract for the sale of land may be specifically enforced, it must be fair, just, reasonable, *bona fide*, mutual and certain in all its parts; its existence, its terms and the acts of part performance, must be clearly and satisfactorily proved; and such acts must be in pursuance of the contract.

APPEAL from the Circuit Court for Carroll County, in Equity.

The facts are stated in the Court's opinion.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, GRASON and ROBINSON, J.

*Wm. P. Maulsby*, for the appellant,

Contended that the case was a proper one for a specific enforcement, and that the answer of the defendant, Jacob Reese, was evidence in the cause.

*Jno. E. Smith* and *William A. McKellip*, for the appellee.

There is no proof whatever of the alleged contract in the evidence ; *none of the witnesses ever heard of such a contract.* They speak of declarations made by Jacob Reese with reference to a sale of the lands, but on what terms or conditions, at what price, or how paid, if paid at all, none of them know. It is well settled that the specific execution of a contract in equity, is a matter not of absolute right in the party, but of sound discretion in the Court. *Smoot vs. Rea & Andrews*, 19 *Md.*, 398.

The agreement, whether in writing or by parol, must be fair, just, reasonable, *bona fide*, certain, mutual and definite in its terms, and the existence of the *very contract as laid in the bill, must be shown by clear and satisfactory proof.*

Reese *vs.* Reese and Smith, Trustee.

*Smith vs. Crandall*, 20 *Md.*, 482 ; *Semmes vs. Worthington, et al.*, 38 *Md.*, 298 ; *Rider & Trotter vs. Gray, et al.*, 10 *Md.*, 282 ; *Carr, et al. vs. Hobbs, adm'r.*, 11 *Md.*, 285 ; *Stoddert, et al. vs. Bowie's Ex'rs.*, 5 *Md.*, 18 ; *Smoot, et al. vs. Rea & Andrews*, 19 *Md.*, 398 ; *Hall vs. Hall*, 1 *Gill*, 383. The agreement must not be vague and indeterminate, or it will not be enforced. *Dorsey vs. Wayman*, 6 *Gill*, 66.

There is a specific contract alleged—there is no such contract proved. The answer of Jacob Reese, made after the execution of the deed of trust from him to his co-defendant, John E. Smith, of all his estate, real, personal and mixed, admits the contract set out in the bill. The answer of one defendant is not available against a co-defendant in general. *Williams vs. Hodgson*, 2 *H. & J.*, 474 ; *Hayward vs. Carroll*, 4 *H. & J.*, 518 ; *Stewart vs. Stone, &c.*, 3 *G. & J.*, 510 ; *Calwell vs. Boyer*, 8 *G. & J.*, 136.

And especially in this case, the answer of the defendant, Jacob Reese, after he had conveyed away and specially dedicated these lands, with all the rest of his estate, to his creditors, cannot be evidence, even if it be admissible for any purpose, or competent to be read or used by the complainant against the other defendant and the creditors whom he represents. A grantor is estopped from denying the title of his grantee. *Funk vs. Newcomer, et al.*, 10 *Md.*, 316.

It is well established, that the declaration of a party to an instrument of writing made subsequent to its execution, *cannot be given in evidence to invalidate it upon any ground. Stewart vs. Redditt*, 3 *Md.*, 67. The only purpose and effect of this answer, if received, is to invalidate the deed of trust *pro tanto*, and thus permit a secret trust to avail against a record title, doubly assured, on which creditors partly relied for the security and payment of their claims. The right of a person holding by a good title is not to be cut down by the acknowledgment of a former holder that

Reese *vs.* Reese and Smith, Trustee.

he had no title. 4 *B. & C.*, 325, cited in 1 *Greenl. on Ev.*, *sec.* 190.

GRASON, J., delivered the opinion of the Court.

The bill in this case was filed for the specific performance of a contract alleged to have been entered into by the complainant and Jacob Reese, his father.

The bill alleges that the complainant lent his father three thousand dollars, on or about the 26th of December, 1866, and that in February or March, 1867, it was agreed by and between the complainant and his father, that the latter would sell to the former a certain parcel of land, which is described in Exhibit A., filed with the bill, for the sum of twenty-five hundred dollars. The bill further alleges that the sale was consummated by Jacob Reese, accepting that sum, being part of the amount lent him by the complainant, as full payment of the purchase money, and that said Jacob was thereafter, to be indebted to the complainant in the sum of five hundred dollars, the balance of the said loan of three thousand dollars; that said land was delivered into the possession of the complainant, and has since remained in his possession, and that Jacob Reese agreed to execute a deed for the same to complainant, but neglected and failed to do so, and that on the first day of January, 1872, having become embarrassed and involved in his pecuniary affairs he conveyed by deed to John E. Smith, all his property and estate for the benefit of his creditors. The answer of Jacob Reese admits the allegations of the bill. The answer of John E. Smith denies all knowledge of the alleged agreement, and requires full proof of the allegations of the bill.

To this answer there was a general replication, Jacob Reese then died, and, by an agreement filed in the cause, his administrator and heirs at law were made parties. A commission was issued to take testimony, and after its return and a final hearing of the case, a decree was passed

Reese *vs.* Reese and Smith, Trustee.

dismissing the bill of complaint, and from that decree this appeal was taken. Each party filed exceptions to evidence in the Court below, and we are of opinion that they were correctly disposed of by the learned Judge, before whom the case was tried. Declarations of Jacob Reese, made after the deed of trust was executed, and tending to impeach Smith's title under that deed, were clearly inadmissible. The declarations testified to by James W. Reese, were made not only after the date of that deed but after the bill in this case was filed and when Jacob Reese was about to file his answer to it and at the time the answer was read to him. The exception to his evidence was therefore properly sustained. *Dorsey vs. Gassaway*, 2 *H. & J.*, 402 ; *Owings vs. Low*, 5 *G. & J.*, 145 ; *Cooke vs. Cooke*, 29 *Md.*, 550. It is also a well established principle that a grantor is estopped from impeaching the title of his grantee. *Funk vs. Newcomer*, 10 *Md.*, 317. The evidence of Smith and Haines was excepted to by the complainant. They testified to declarations of Jacob Reese that the land belonged to him, which declarations were made after the alleged agreement for the sale to the complainant and before the date of the deed of trust to John E. Smith. The Court below sustained the exception to the whole of Smith's evidence and to so much of Haines' evidence as detailed conversations with and declarations of Jacob Reese out of the presence and hearing of the complainant, but held that such as took place in his presence were admissible. This ruling was clearly correct and we may presume that the appellant's counsel acquiesces in it, as he has made no point upon it and has not alluded to it in his brief.

It is contended by the appellant's counsel in his brief that the answer of Jacob Reese to the bill of complaint is competent evidence against the other defendants, and that the admissions therein made are sufficient proof of the agreement of sale and its part performance. But the principle is very well settled that the answer of one defen-

Reese vs. Reese and Smith, Trustee.

dant cannot be used as evidence against his co-defendant. *Stewart vs. Stone*, 3 *G. & J.*, 514 ; *Hayward vs. Carroll*, 4 *H. & J.*, 520 ; *Calwell vs. Boyer*, 8 *G. & J.*, 149.

Looking then at the evidence in the case we find no proof whatever of the contract, or its terms, or that the complainant was ever in possession of this land *under the contract* which the bill alleges was made and partly executed. Several of the witnesses prove that the complainant was for some years cutting and hauling timber and wood from this land and in some instances selling it to Harman & Company, which firm was composed of Jacob Reese alone ; but some of the witnesses, who prove these facts, further prove that he was thus cutting and hauling timber and wood from the same land before the date of the alleged contract of sale. It is further proved that, but three days before the deed of trust to John E. Smith was executed, Jacob Reese was talking with Haines, in the presence of the complainant, respecting the sale of this land, and asked the complainant how much of the land had been cut over and what it was worth, and then agreed to sell it to Haines for forty dollars per acre, and the only remark the complainant made was, "I thought that I was to have that." If he was then the owner of the land under the contract alleged in the bill, it is to be presumed that he would have asserted his title in plain terms, instead of using language which would rather indicate a wish or expectation that his father would give it to him, than the assertion of a title which could be enforced in a Court of Equity. An agreement to be specifically executed must be plain, just, reasonable, *bona fide*, mutual and certain in all its parts, and if it be wanting in any one of these essentials, it cannot be enforced, nor will this Court, enforce contracts depending upon parol evidence and part performance unless the existence of the contract, the terms and the acts of part performance are sustained by clear and satisfactory proof. *Stoddert vs. Tuck, Exr. of Bowie*

Balt. Build. Asso. No. 2, of Balt. City *vs.* Grant.

*and others*, 5 *Md.*, 37 ; *Smith vs. Crandall*, 20 *Md.*, 500 ; *Worthington vs. Semmes*, 38 *Md.*, 298. Measuring the proof in this case by the standard of these authorities, we think it fails to make out a case in which a Court of Equity would be justified in decreeing a specific performance.

The decree appealed from will therefore be affirmed.

*Decree affirmed.*

(Decided 5th March, 1875.)