## THOS. C. CHAPPELL AND ALCINDA M. CHAPPELL *vs*. DAVID STEWART.

*Useless Matter in Record on Appeal—Specific Performance—Unauthorized Agreement by Agent.*

When the record on an appeal is encumbered with irrelevant letters and other matter not pertinent to the case, the Court will so adjust the costs that the expense of inserting such matter will be borne by the parties responsible for encumbering the record with it.

Plaintiff, who had been counsel for defendant's wife in certain divorce litigation, obtained a decree for $1,900 against defendant for counsel fees, etc. The defendant had, pending the litigation, transferred to his mother certain real estate which he owned jointly with her, and plaintiff had issued executions against this property and had also attached a sum of money in the hands of a trust company. The bill in this case

set forth that an oral agreement was made between the plaintiff and defendant by which the former agreed to deliver deeds of the property which had been levied on and to have the executions set aside and to dismiss the attachment of the fund, and the defendant agreed to give to the plaintiff orders on the fund in the trust company signed by himself and his mother, one for $1,900 and other orders for a sum agreed to be due in regard to the property levied on and for a sum to be paid to defendant's wife. The bill further alleged that the plaintiff did deliver deeds of the real estate and set aside the execution sales, but that the defendant and his mother had refused to give the orders for the payment of the money as agreed and the prayer of the bill was for a specific performance of the agreement. *Held*,

1st. That the evidence is not sufficiently clear that the defendant's mother had previously authorized or subsequently ratified the parol agreement made by the defendant, and the plaintiff is therefore not entitled to a decree of specific performance against her.

2nd. That under the circumstances of the case the plaintiff is entitled to a decree against the other defendant for the payment of $1,900 and interest.

Appeal from a decree of the Circuit Court of Baltimore City (DENNIS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, PEARCE, SCHMUCKER and JONES, JJ.

*Frederic C. Cook* and *B. Chambers Wickes*, for A. M. Chappell

*David Stewart* (with whom were *F. I. Duncan* and *S. Maddox* on the brief), for the appellee.

*Thomas C. Chappell* filed a brief.

BRISCOE, J., delivered the opinion of the Court.

There are two appeals in this record, and they are taken from a decree of the Circuit Court of Baltimore City, passed and dated on the 15th day of April, 1901. As both of these appeals are from the same decree, they will be considered by us in one opinion.

The record is a voluminous one and contains a large amount of irrelevant and immaterial matter having no relation or bearing upon the case or to the questions submitted for our review.

The testimony is presented in an irregular and improper manner and the record is encumbered by the insertion of Court papers, long letters, overruled orders, and other matter absolutely unnecessary to be incorporated in the record. This Court has in a number of cases commented upon the violation of the rules regulating appeals and the manner of presenting cases to this Court. In *Dumay* v. *Sanchez*, 71 Md. 512, JUDGE ALVEY distinctly said : " It would be to no purpose, indeed quite useless, that the Constitution of the State should require this Court to make rules to abbreviate records and curtail costs to suitors in the Court if any such method as the present case for making up the records for this Court could be sanctioned. Our object in remarking upon the manner of making up the present record is simply to admonish the members of the bar that we cannot approve any such method, and that we will and must insist that records brought into this Court shall be prepared and made up according to the rule and established practice."

We shall not hesitate therefore in the case now before us to so adjust the costs on this appeal that they will be borne and paid by the parties who are responsible for this encumbered record.

We will now consider the case as presented by the proof and pleadings. The bill was filed on the 25th of January, 1900, by the appellee against the appellants for the specific performance of an alleged oral agreement and for an injunction. The bill among other things charges that on the 17th of August, 1899, the appellants and Mary Ball Chappell entered into an agreement for the settling of all litigation pending between Thomas C. and Mary Ball Chappell, according to the terms of a contract which is made a part of the record of the case ; that this litigation involved the validity of an antenuptial agreement, and consisted of bills, cross-bills for divorce and of various suits growing out of these divorce cases, for the purpose of enforcing orders for alimony, suit money and counsel fees.

Briefly stated the bill avers that the compromise of August

17th, 1899, was not carried out, but on January 19th, 1900, a subsequent parol agreement was made and entered into between the appellee David Stewart and the appellant, Thomas C. Chappell, to the following effect, "that the said David Stewart would accompany the said Thomas C. Chappell to Towson on the morning of Saturday, January 20th, and would there deliver to the said Chappell the deed to Ten Hills and would have the sale of Ten Hills under execution set aside (Amendment 5), in order to thus vest in Alcinda M. Chappell a good title in the interest in said property theretofore conveyed to her by Thomas C. Chappell, and would have the divorce suit there pending settled and finally disposed of; and that the said David Stewart would further have an account made up with No. 1434 McCulloh street, and a deed drawn of the said property to Chappell the said (Amendment 7), defendants not having decided whether the deed should be made to Thomas C. Chappell or to his mother, and that this having been done the said Thomas C. Chappell would, upon the morning of Monday, January 22nd, 1900, go with this said David Stewart to the said Fidelity and Deposit Company and would deliver to the said Fidelity and Deposit Company, papers dismissing all the said attachments and entirely releasing the aforesaid fund, and upon the delivery of the said papers and of the deed of No. 1434 McCulloh street, subject to a $3,000.00 mortgage, the said Thomas C. Chappell would deliver to the said David Stewart orders signed by himself and the said Alcinda M. Chappell upon the aforesaid fund of $5,700.00 more or less—one order for $1,900 to cover the aforesaid counsel fees, and two orders for the $650.00 which it was agreed was the amount due for No. 1434 McCulloh street, subject to said mortgage, one of said orders being for $150.00 and the other of said orders being for $500.00; and that the said Thomas C. Chappell would also send to Mary Ball Chappell a similar order for $1,500.00, the amount to be received by her in settlement, and that, inasmuch as the said Thomas C. Chappell suggested that there were several papers he might still desire to have filed by the said David Stewart, the said

David Stewart agreed that the orders drawn in his favor for the said $2,550.00 should be payable by the Fidelity and Deposit Company only when the said defendants in this cause should draw the balance or any part thereof of the aforesaid $5,700.00 from the said Fidelity and Deposit Company of Maryland; and that, accordingly on January 20th, 1900, the said David Stewart accompanied the said Thomas C. Chappell to Towson, and did in good faith all that he had agreed to do (Amendment 6), including the dismissal of a partition suit against Alcinda M. Chappell for the division of Ten Hills and including the delivery of the deed of the interest in Ten Hills acquired at the execution sale, and including the setting aside of the execution sale, and that the said Thomas C. Chappell made an appointment with the said David Stewart to be at his office on Monday morning, January 22nd, 1900, to carry out the balance of the said agreement, but that the said Thomas C. Chappell failed to keep the said appointment and has failed and refused to carry out the said agreement (excepting that he has sent orders of himself and his mother upon the aforesaid fund in the hands of the Fidelity and Deposit Company of $1,500.00 to the said Mary Ball Chappell and $150.00 to the said David Stewart), and that this complainant alleges and believes that the said Thomas C. Chappell made the said agreement with the intention of breaking it and with the intention of committing a fraud upon this complainant."

The prayer of the bill is " that the defendants may be required to specifically perform the contract and to accept from the said David Stewart the orders dismissing the attachments laid against the funds in the hands of the Fidelity and Deposit Company, and the orders releasing the said Fidelity and Deposit Company from all claims of the said David Stewart and said Mary Ball Chappell, and may be required to execute and deliver to said David Stewart an assignment of $1,900.00 of the aforesaid fund payable as aforesaid, and that the said defendants may be enjoined from assigning, collecting or in any wise disposing of the aforesaid fund or so much thereof as may be necessary to enable them to carry out specifically the aforesaid agreement."

On the 25th of January, 1900, the Circuit Court of Baltimore City granted an injunction restraining the appellants from assigning, collecting or disposing of the fund, about $5,700 on deposit in the Fidelity and Deposit Company, or so much thereof, to-wit, $2,400.00 as may be necessary to carry out specifically the agreement set out in the bill and until it can can be heard and determined by the Court.

On the 25th of November, 1900, the appellant, Alcinda M. Chappell, answered this bill in which she admits having entered into the contract of August 17th, 1899, for the purpose of settling pending litigation between Thomas C. and Mary B. Chappell, but denies absolutely her liability under the parol contract sought to be set up by the bill.

The appellant, Thomas C. Chappell, by an answer to the bill filed on the 5th of November, 1900, denies "the verbal agreement," but admits that he is willing to carry out the agreement of August 17th, 1899.

On the 15th of April, 1901, the Circuit Court of Baltimore City, after a hearing of the case on bill, answer and proof, passed the following decree :

1. That the motion to dissolve the injunction heretofore granted in this case be and the same is hereby overruled.

2. That the injunction heretofore granted in this case be and the same is hereby continued, to be discharged only upon the defendants satisfying the decree in this case.

3. That the defendants pay to the plaintiff two thousand and thirty ($2,030) dollars, being nineteen hundred ($1,900) dollars, with interest thereupon from January 22nd, 1900, to April 15th, 1901.

And from this decree, both the defendants have appealed. It will be necessary for us to consider these appeals in regular order as they present different questions of law and rest upon a different state of facts.

We will consider first the questions raised on the appeal of the appellant, Mrs. Alcinda M. Chappell. The contract which is here sought to be enforced against her is a parol agreement alleged by the bill to have been made and entered

into on the 19th of January, 1900, by the appellant, Thomas C. Chappell, and the appellee, David Stewart.

Mrs. Chappell distinctly denies in her answer that she ever made or ever authorized Mr. Chappell to make a contract for her, varying the terms and conditions set out in the written agreement, dated August 17th, 1899, and that she is not chargeable legally or equitably with any of the allegations of the bill.

We have carefully examined the proof as disclosed by the record and it does not sustain the appellee's contention, in this regard.

Mrs. Chappell in her testimony states that Thomas C. Chappell "had no right to make a promise for her."

Q. Why not?

A. I didn't give him the right.

Q. You agreed to pay the $1,900.

A. On certain conditions.

Q. What were they?

A. The carrying out of the contract (meaning the contract of August 17th, 1899.)

Nor do we find the slightest proof, to show that she subsequently ratified or recognized the alleged agent's action in making the alleged verbal contract.

It is well settled that a Court of equity will not decree the specific performance of a contract, unless the contract is proven by clear and satisfactory proof. *Stoddert* v. *Tuck*, 5 Md. 37; *Horner* v. *Woodland*, 88 Md. 512; *Dixon* v. *Dixon*, 92 Md. 432; *Semmes* v. *Worthington*, 38 Md. 318.

In this case we think the appellee has failed to make out such a case as would authorize a Court of equity in decreeing the relief granted by the Court in its decree of the 15th of April, 1901. The proof does not measure up to the requirements of the well established equity rules, controlling cases of this character. The decree of the Court below will therefore be reversed, the injunction dissolved and the bill of complaint dismissed, in so far as the decree relates to the appellant, Alcinda M. Chappell.

We concur however in that part of the decree of the Circuit Court of Baltimore City which directs the defendant, Thomas C. Chappell to pay to the plaintiff two thousand and thirty dollars, being nineteen hundred dollars, with interest thereon from January 22nd, 1900, to April 15th, 1901. There can be no question it seems to us that under the special circumstance and peculiar equities of this case, that the decree of the lower Court in this respect should be affirmed. It therefore follows that the decree will be reversed in part and affirmed in part, and cause remanded. The costs in this Court to be paid equally by the appellant, Thomas C. Chappell, and the appellee, David Stewart. The costs below to be paid by Thomas C. Chappell.

> *Decree reversed in part and affirmed in part, and cause remanded. The costs below to be paid by Thos. C. Chappell. The costs in this Court to be paid equally by Thos. C. Chappell and David Stewart.*

(Decided March 6th, 1902.)