DANIEL HERZOG *vs.* ANSELM W. SAWYER.

*Partnership—Contract under seal—Parol assent—Covenant—Non est factum—Variance—How Contract under Seal may be discharged—Accord and Satisfaction—Waiver or Abandonment—Parol evidence.*

One partner cannot bind his co-partner by signing an instrument under seal in the firm name and style, simply by virtue of his

authority as partner. To make such instrument binding on the partner not signing in person, it must appear that he previously authorized the act or subsequently ratified it, either expressly or impliedly. And such previous authority or subsequent confirmation may be shown by parol or by circumstances.

If one of two partners did not assent to the signature of the firm name affixed by the other to an agreement under seal, and an action of covenant is brought thereon against both, describing the covenant as joint, the covenant is not the joint covenant of the two, but the covenant of the signing partner alone, and a plea of *non est factum* will be sustained, because of the variance.

At the common law, an obligation under seal cannot be discharged before breach by an agreement in parol, or by any instrument not executed with the same solemnity as the original obligation. But after breach, for the damages occasioned thereby, any agreement or transaction between the parties that would operate as an accord and satisfaction in ordinary cases, may be pleaded in discharge.

In an action of covenant on a contract under seal, for the performance by the plaintiff of certain musical services for the defendants, it was pleaded among other pleas, that the contract declared on had been mutually rescinded, and had been abandoned by both plaintiff and defendant. HELD :

1st. That if it be found that the plaintiff did advise the suspension· or abandonment of the entertainments or exhibitions contemplated by the agreement sued on, and that they were so abandoned with the plaintiff's assent; and that the plaintiff afterwards, but within the time covered by the original agreement, made a a new engagement with the defendants to perform the same or similar services on different terms, such conduct on the part of the plaintiff would amount to a waiver or abandonment of the original agreement, and would constitute a good defence to the action.

2nd. That parol evidence of such waiver and abandonment was admissible.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

*Exception.*—At the trial, which was had before the Court, the plaintiff offered the three following prayers :

1. If the Court, sitting as a jury in this case, shall find that the contract dated on the 28th day of January, 1881, and offered in evidence in this case, was made between the plaintiff and the defendants, as set forth in the pleadings and evidence, and that the plaintiff undertook to perform the services required of him thereunder, and that after faithfully so serving the defendants for a portion of the time stipulated for, the defendants discharged him on account of the non-success of their enterprise, and failed to employ and pay him for the unexpired portion of the time mentioned in said agreement, then the plaintiff is entitled to recover; provided, the Court sitting as a jury shall also find, that during said unexpired term, the plaintiff was, for the remainder thereof, able, ready and willing to render to defendants the services so contracted for.

2. That if the Court, sitting as a jury, shall find for the plaintiff, under the plaintiff's first prayer, it may award to the plaintiff such compensation as it may find the plaintiff, would have earned under his contract mentioned in said first prayer, had he not been so discharged, as stated therein, less any amounts that the plaintiff may have been paid by defendants, on account of said contract, and less whatever amount the said plaintiff might, by reasonable diligence, have earned, during the unexpired term of his said engagement.

3. That the Court rule, that the testimony offered on the part of defendants, to wit: the evidence of the witness, Herzog, that when he paid to the plaintiff a moiety of the amount due to plaintiff under the contract offered in evidence in this case, that said plaintiff expressed himself as satisfied in full, for all liability of defendants to him under said contract, is incompetent to discharge defendants from said liability thereunder. Also, that the testimony of the witness, Erlacker, to the same effect, is incompetent, for the purpose of so discharging and reliev-

ing the said defendants. Also, that the testimony of Herzog and Easton, to the effect, that plaintiff advised defendant, Herzog, to abandon his enterprise, in which plaintiff was engaged in serving defendants, on account of the non-success thereof, is incompetent and inadmissible for the purpose of relieving the defendants from their liability to the plaintiff, under the contract offered in evidence in this case.

And the defendant, Herzog, offered the seven prayers following:

1. That if the Court, sitting as a jury, finds from the evidence, that the plaintiff, on the 20th day of February, 1882, entered into a contract with the defendants, for the performance of the same services, as required by the contract sued on in this case, and for a different compensation, then the verdict must be for the defendant under the pleadings in this case.

2. That if the Court, sitting as a jury, finds from the evidence, that the defendant advised and consented, that the show or exhibition at which he had contracted, under the contract sued on in this case, to perform, should be disbanded, then the verdict must be for the defendant.

3. That if the Court, sitting as a jury, finds from the evidence, that the plaintiff and the defendant mutually agreed to rescind the contract sued on in this case, then the verdict must be for the defendant.

4. That if the Court finds from the evidence, that the sum of sixty-two dollars and fifty cents, was paid in full settlement by the defendant, and received by the plaintiff as such, then the verdict must be for the defendant.

5. That if the Court, sitting as a jury, finds from the evidence, that the contract sued on, was not signed by the defendant, Moses C. Crane, or was not consented to by the partner Crane, then under the pleadings in the case, the verdict must be for the defendant.

6. That if the Court, sitting as a jury, finds from the evidence, that the performance of the contract sued on in

this case, was waived by the plaintiff, then the verdict must be for the defendant.

7. That if the Court, sitting as a jury, finds from the evidence, that the defendant never discharged the plaintiff from his employment, under the contract sued on, and that the plaintiff did not offer to perform the services under said contract, then the verdict must be for the defendant.

The Court (STEWART, J.,) granted the prayers of the plaintiff, and the seventh prayer of the defendant, and refused the other prayers of the defendant. The defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, and ROBINSON, J.

*A. H. Robertson,* and *William H. Cowan,* for the appellant.

*J. Alexander Preston,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This action is brought on a sealed instrument, dated the 28th of January, 1881. It professes to be made between the plaintiff, of the one part, and D. Herzog & Co., of the other. The partnership of D. Herzog & Co. is alleged to have been composed of Daniel Herzog and Moses C. Crane, and they are sued jointly as partners. The agreement sued on was signed by D. Herzog, in the partnership name of D. Herzog & Co., and by the plaintiff. The action was commenced on the 15th of June, 1882. The record before us does not disclose why there was a severance of the defendants in the subsequent proceedings; but Herzog pleaded separately, and the judgment was rendered against him alone. It may have been that Crane was not served with process, and hence he was not included in the judgment.

Herzog *vs.* Sawyer.

The articles of agreement sued on provides, that the plaintiff should serve the defendants as a member of a company organized to give entertainments throughout the United States and the Canadian Provinces, the State of California excepted, for the term of one year, commencing the 7th of March, 1881, and ending March 6th, 1882: That the plaintiff should give his entire entertainment, known as the "Musical Glasses," for the sole benefit and emolument of the defendants, during the term specified, and should at all times hold himself in readiness to perform the duties required. And for the services thus to be performed the defendants covenanted to pay the plaintiff the sum of $25 per week, his board at hotels, or other places, and the expenses of transportation, &c.; the weekly wages to be paid on Monday of each week.

The declaration, after setting forth the terms of the agreement, alleges that the plaintiff entered the service of the defendants under the agreement, at the time specified, and fully and faithfully performed all the duties required of him, until he was, without cause, discharged therefrom, after about five weeks' service; and that the defendants failed and refused to employ him, as agreed in the premises, for the remainder of the term, and failed and refused to pay him as agreed upon for the remainder of the time specified in the agreement, although he, the plaintiff, was at all times ready, able and willing to serve the defendants, and perform all the duties required of him by the agreement; wherefore he says he has sustained great loss, damage, and injury, and he claims, &c.

To this declaration, the defendant Herzog pleaded, 1st. *Non est factum;* 2d. Payment; 3d. That the contract declared on had been mutually rescinded; and, 4th. That the contract had been abandoned by both plaintiff and defendant. Upon these pleas issues were joined, and the case was tried before the Court, without the assistance of a jury.

Evidence was offered by the plaintiff to prove that the agreement declared on was signed in the partnership name of D. Herzog & Co. by Daniel Herzog, and that Moses C. Crane, one of the defendants, was a partner in the firm of D. Herzog & Co.; but there was no evidence offered whatever, according to the record, to show that Crane was present when the agreement was signed, or that he ever saw it, or knew that it was under seal. Proof was also offered on the part of the plaintiff to show that the undertaking to give the exhibitions contemplated by the agreement was abandoned by the defendants, after about fifteen weeks' service by the plaintiff, and that the latter was discharged from employment without his fault. He also proved that he was ready, able, and willing to perform the agreement on his part, but was prevented by the abandonment of the exhibitions by the defendants.

On cross-examination the plaintiff admitted that, on the 20th of Feb. 1882, he entered into a new engagement with the defendants, to perform the same or similar services for them to those required of him under the contract sued on, but for different compensation; and that he did perform such services under the contract of Feb. 20th, 1882, and was fully paid therefor.

The defendant offered evidence to prove that the exhibitions had been given up and abandoned upon the suggestion and by the advice of the plaintiff himself, and that all claim by him, under the contract sued on, had been fully adjusted and discharged.

There were several propositions of law submitted to the Court; and while those on the part of the plaintiff were accepted, all those on the part of the defendant, except one, were rejected.

The controverted and controlling legal propositions involved, and presented by the prayers, are reducible to two: 1st. Whether the contract sued on was so executed as to be binding on both members of the firm of D. Herzog

& Co.; and, 2d. Whether it be competent to show by parol evidence, that the contract sued on, being a contract under seal, was abandoned or rescinded by the mutual consent of the parties thereto, or that its performance by the defendants was waived by the plaintiff.

1. The first question is raised by the fifth prayer offered by the defendant. By that the Court was asked to say, that if from the evidence it was found that the contract sued on was not signed by the defendant Moses C. Crane, or was not assented to by him, then, under the pleadings in the case, the verdict should be for the defendant. This proposition, we think, ought to have been adopted by the Court. The law upon the subject is too firmly established to admit of doubt, that one partner cannot bind his co-partner by signing an instrument under seal, in the firm name and style, simply by virtue of his authority as partner. In such case, to make the instrument binding on the partner not signing in person, it must appear that there was either a previous authority, or a subsequent ratification by such partner, either express or implied, whereby he has adopted the signature as binding upon him. This is the rule as we find it stated in the authorities upon the subject, and it has been fully recognized by this Court upon more than one occasion. *Smith vs. Stone & Mulliken*, 4 *G. & J.*, 310; *Albers vs. Wilkinson*, 6 *G. & J.*, 358. In some of the American cases the rule has been spoken of as rigid and technical; but as said by Judge STORY, (*Story on Partnership, sec.* 121,) the main struggle has been, not so much to contest the doctrine of the common law, that an authority to execute a sealed instrument does not flow from the ordinary relation of partnership, as to contest the doctrine, that it requires a prior authority under seal, or a subsequent ratification under seal, to make the execution valid. The old authorities, and indeed the whole current of English decision, establish and maintain the rigid doctrine in its fullest extent. This

strict doctrine, however, has been, by many of the American decisions, relaxed to the extent of allowing the previous authority or subsequent confirmation to be shown by parol or by circumstances; and this seems reasonable and proper to be allowed. *Schmertz vs. Shreeve*, 62 *Penn. St.*, 457; *Russell vs. Annable*, 109 *Mass.*, 72; *Gibson vs. Warden*, 14 *Wall.*, 244. But the general rule is maintained; and if it be true that the defendant Crane did not assent to the signature affixed to the articles of agreement, the covenant sued on is not the *joint* covenant of the defendants, as alleged in the declaration, but the covenant of Herzog alone; and hence the plea of *non est factum* is sustained, because of the variance. 1 *Chitty Pl.* (16*th Ed.*) 514; *Pitt vs. Green*, 9 *East*, 188; *Howell vs. Richards*, 11 *East*, 633.

2. *As to the second question.* It is certainly true, as a general principle, that at the common law, for what would appear to be purely technical reasons, an obligation under seal cannot be discharged before breach by an agreement in parol, or by any instrument not executed with the same solemnity as the original obligation. All authorities, however, agree, that after breach, for the damages occasioned thereby, any agreement or transaction between the parties that would operate as an accord and satisfaction in ordinary cases, may be pleaded in discharge. *Harper vs. Hampton*, 1 *H. & J.*, 675; *Kaye vs. Waghorn*, 1 *Taunton*, 428; 1 *Chitt. Pl.* (16*th Ed.*) 515, 516. But this distinction is extremely technical, and in many cases it has been found to operate injustice; and, consequently, in many of the Courts of this country the rule has been, to a considerable extent, modified. And it has been held repeatedly, that whenever the breach complained of has been superinduced by the action or agreement of the plaintiff, and the matter is properly availed of in defence, he will not be allowed to recover on the technical breach thus produced. The tendency of all Courts at this day is to prevent circuity of

action, and to discourage the assertion of claims founded upon merely technical grounds; and whenever it is apparent that it would be unjust, and in violation of good faith, to allow the plaintiff to recover by means of a technical advantage, the Courts are always strongly inclined to amplify the scope of the defence to the fullest extent possible, in order to prevent injustice being done. It was from this strong tendency of the Courts that we have many well reasoned cases in the reports which go to modify, to a considerable extent, the technical rule of exclusion in question. Of the many cases upon the subject, those most frequently referred to are *Fleming vs. Gilbert, 3 John.,* 528; *Dearborn vs. Cross,* 7 *Cow.,* 48; *Langworthy vs. Smith,* 2 *Wend.,* 587; and the principle of the decisions in those cases was fully adopted by this Court in the case of the *Franklin Fire Ins. Co. vs. Hamill,* 5 *Md.,* 170, 182.

Among the authorities referred to with approval by this Court in *Hamill's Case,* 5 *Md.,* 182, is 1 *Roll. Abr.,* 453, *pl.,* 5, setting out a case where the condition of a bond was to raise a mill, and the obligor came to the obligee and told him that everything was ready to erect the mill, and asked him when he would have him come and put it up; the obligee answered, that he would not have it, and discharged the obligor entirely of the obligation to erect the mill, and that was held sufficient to excuse the obligor from the performance.

In the case of *Fleming vs. Gilbert, supra,* it was held that evidence of a parol agreement of the obligee, to waive any further performance of the requirements of the condition of a bond, was admissible, as an answer to the action. The learned Judge, speaking for the Court, said: "The plaintiff's conduct can be viewed in no other light than as a waiver of a compliance with the condition of the bond, so far as it related to a discharge of the mortgage on record; and I see no infringement of any rule or

23                     v. 61.

principle of law, in permitting parol evidence of such waiver. It is a sound principle, that he who prevents a thing being done, shall not avail himself of the non-performance he has occasioned. Had not the plaintiff dispensed with a further compliance with the condition of the bond, it is probable that the defendant would have taken measures to ascertain what steps were requisite. to get the mortgage discharged of record, and would have literally complied with the condition of the bond." And the learned Judge then refers to the case in 1 *Roll. Abr.*, 453, *pl.* 5, to which we have referred.

The principle of the decision in *Fleming vs. Gilbert* has not only been fully approved and followed by this Court in 5 *Md.*, 182, but it has been followed in many other cases, and has but recently been cited. with approval by the Supreme Court of the United States, in the case of the *Canal Co. vs. Ray*, 101 *U. S.*, 522, 527. That tender of performance, or waiver of performance, of a condition or covenant under seal may be shown by parol evidence, was expressly held in the case in 5 *Md.*, 170; and waiver or abandonment is what was sought to be shown in this case.

If, therefore, it be found that the plaintiff did advise the suspension or abandonment of the entertainments or exhibitions contemplated by the agreement sued on, and that they were so abandoned with the plaintiff's assent; and that the plaintiff afterwards, but within the time covered by the original agreement, made a new engagement with the defendants to perform the same or similar services, on different terms,—such conduct on the part of the plaintiff would amount to a waiver or abandonment of the original agreement, and would constitute a good defence to the action. And it follows that this Court is of opinion that there was error in the Court below in excluding the parol evidence of such waiver and abandonment; such evidence being pertinent and admissible under the

issues joined. The various propositions offered at the trial, inconsistent with the principles herein maintained, should have been rejected. We shall reverse the judgment and award a new trial.

*Judgment reversed, and*
*new trial awarded.*

(Decided 21st February, 1884.)