KEMP & BURPEE MFG. CO. v. MITCHELL et al.

(District Court, E. D. Pennsylvania.    July 18, 1914.)

No. 168.

1. EVIDENCE (§ 427*)—PAROL EVIDENCE—WRITTEN CONTRACT—VARIANCE BY PAROL—WAIVER.

On an issue of breach of plaintiff's sales agency contract by defendants' sale of machines covered by the contract within defendants' territory, parol evidence, showing defendants' knowledge that machines similar to those which were the subject-matter of the contract had been before and were, during the existence of the contract, being sold by plaintiff's licensee within the territory covered by defendants' contracts, offered to show a waiver of the latter's alleged exclusive right to the territory, was not objectionable as tending to alter or vary the terms of the contracts, under the rule that a waiver may be inferred from the acts, conduct, and declarations of the parties and may be proved by parol.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1861; Dec. Dig. § 427.*]

2. PRINCIPAL AND AGENT (§ 81*)—AGENCY CONTRACT—SALE OF MACHINERY—RIGHT TO EXCLUSIVE TERRITORY—WAIVER.

Where defendants contracted to sell plaintiff's manure spreaders in a specified territory respectively for each of the years 1904, 1905, and 1906, with full knowledge that plaintiff had issued a license to another to manufacture and sell similar spreaders within defendants' territory, and

defendants during such period made payments to plaintiff without any claim for damage or set-off, failed to assert any right to the exclusive sale of the spreaders within the territory, and to rescind or give plaintiff any notice of intention to claim damage for an alleged breach, their right to the exclusive occupation of the territory was waived.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 194–214, 219, 223; Dec. Dig. § 81.*]

Action by the Kemp & Burpee Manufacturing Company against Benjamin C. Mitchell and another, doing business as B. C. Mitchell & Son. On exceptions to a referee's report. Overruled, and report confirmed.

G. Harry Ditter, of Philadelphia, Pa., for plaintiff.

J. Barton Rettew, of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. The evidence fully sustains the findings of fact of the learned referee.

[1] The first exception assigns error in the admission of oral or written evidence tending to alter or vary the terms of the several written contracts between the parties. As stated by the referee, there was no evidence admitted intended to alter or vary the terms of the contracts. The evidence in question was offered and admitted solely for the purpose of showing upon the part of the exceptants knowledge that spreaders similar to those which were the subject-matter of the contracts between the parties had been before and were, during the existence of those contracts, being sold by the licensee of the Kemp & Burpee Manufacturing Company within the territory covered by the sales contracts between the parties to this proceeding. The purpose was to establish upon the part of Benjamin C. Mitchell, individually and trading with Clinton T. Mitchell as B. C. Mitchell & Son, a waiver to that extent of the terms of the written contracts.

A waiver may be inferred from the acts and conduct and declarations of the parties, and may be proved by parol. Hyde v. Kiehl, 183 Pa. 414, 38 Atl. 998; Allen v. Sowerby, 37 Md. 410; Kribs v. Jones, 44 Md. 396; Herzog v. Sawyer, 61 Md. 344.

The second and third exceptions relate to the findings that the Mitchells knew that sales were made by J. B. Kemp Manufacturing Company, licensees of the Kemp & Burpee Manufacturing Company, in the restricted territory of the Mitchells during the years 1903, 1904, 1905, and 1906 under such license. The findings of knowledge, together with the other findings of fact, are amply sustained by the evidence.

[2] The fourth, fifth, and sixth exceptions bear upon the findings that the Mitchells by their conduct impliedly, if not expressly, waived any claim for damages because of alleged breach of the terms of the contracts in permitting the manufacture and sale of the spreaders by J. S. Kemp Manufacturing Company in the restricted territory specified in the contracts for the sale of the spreaders by the Mitchells. I find no error in the conclusions of law of the referee upon which these exceptions are based.

The evidence clearly shows that the contracts of 1904, 1905, and 1906 were entered into with a full knowledge upon the part of the Mitchells of their terms, and with the full knowledge upon their part

of the existence of the license to J. S. Kemp Manufacturing Company, and that J. S. Kemp Manufacturing Company was manufacturing and selling manure spreaders under their license in the restricted territory. That the Mitchells by their acts, conduct, and declarations waived their right to claim damages for alleged breach of the contracts by failing to assert their rights during the period of existence of the contracts; by making payment to the Kemp & Burpee Manufacturing Company during that period without any claim for damages or set-off; by failing to rescind or to claim damages, or to give any notice of intention to claim damages for the alleged breach.

"Waiver is where one in possession of any right, whether conferred by law or by contract, and of full knowledge of the material facts, does or forbears the doing of something inconsistent with the existence of the right or of his intention to rely on it. Thereupon he is said to have waived it, and he is precluded from claiming anything by reason of it afterwards." Bishop on Contracts, § 792; Pokegama Sugar Pine Lumber Co. v. Klamath River Lumber & Improvement Co. (C. C.) 96 Fed. 34.

"Where a person tacitly encourages an act to be done, he cannot afterwards exercise his legal right in opposition to such consent, if his conduct or acts of encouragement induced the other party to change his position, so that he will be pecuniarily prejudiced by the assertion of such adversary claim." Swain v. Seamans, 9 Wall. 254, 19 L. Ed. 554.

"Waiver of a right or benefit may be established by the actions, declarations, acquiescence, even silence, of a party, as well as by his expressed consent and approval. * * *

"While a waiver is not in the proper sense of the term a species of estoppel, yet where a party to a transaction induces another to act upon the reasonable belief that he has waived or will waive certain rights, remedies, or objections which he is entitled to assert, he will be estopped to insist upon such rights, remedies, or objections to the prejudice of the one misled." Marine Iron Works v. Wiess, 148 Fed. 153, 78 C. C. A. 279.

For the reasons above stated, the exceptions of Benjamin C. Mitchell and B. C. Mitchell & Son to the referee's report and award are dismissed, and the report is confirmed.